UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RPR LARKSPUR OWNER, LLC, <br>     Plaintiff, <br> v. <br> DONALD JONES, <br>     Defendant. | Case No. 17-cv-01553-DMR <br><br> **SUA SPONTE ORDER RE CASE RELATION TO 17-CV-00214 RS, OR IN THE ALTERNATIVE, ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND REMAND TO SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN** <br><br> Re: Dkt. Nos. 1, 2 |

    This is Defendant Donald Jones's second attempt to remove this case from the Superior Court of California, County of Marin, where it is pending as a complaint for unlawful detainer against Mr. Jones.

    Mr. Jones unsuccessfully attempted to remove this case on January 17, 2017 on the basis of federal question jurisdiction, 28 U.S.C. § 1331. *See* Notice of Removal [Docket No. 1] in *RPR Larkspur Owner, LLC v. Jones*, Case No. 3:17-cv-00214-RS ("*Jones I*"). The Honorable Richard Seeborg remanded the case to Marin County Superior Court on February 22, 2017. *See* Order Adopting Report and Recommendation and Remanding Case ("Order adopting R&R") [Docket No. 11] in *Jones I*.

    Mr. Jones removed the same case again on March 23, 2017, and also filed an application to proceed *in forma pauperis* ("IFP"). *See* Notice of Removal [Docket No. 1] in *RPR Larkspur Owner, LLC v. Jones*, Case No. 4:17-cv-01553 ("*Jones II*"); IFP Application [Docket No. 2]. As with *Jones I*, the Notice of Removal in *Jones II* states one ground for removal: that the Complaint presents a federal question such that the case could have originally been filed in this Court. (Notice of Removal ¶¶ 4-7) [Docket No. 1]; *see also* Notice of Removal in *Jones I* [Docket No. 1].

1    The parties have not yet filed a declination or consent to the jurisdiction of a magistrate
2    judge pursuant to 28 U.S.C. § 636(c). Since *Jones I* and the instant action are likely related, the
3    undersigned hereby issues a *sua sponte* order referring this case to Judge Seeborg for a case-
4    relation determination. If Judge Seeborg determines that this case is not related to *Jones I*, then
5    the case should be reassigned to a district judge for final disposition. The undersigned also issues
6    this Report and Recommendation, with the recommendation that the IFP application be granted
7    and that summary remand be ordered.

## I. IFP APPLICATION

Having evaluated Mr. Jones's financial affidavit, the undersigned finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP application be granted. The undersigned next turns to the issue of subject matter jurisdiction.

## II. PROCEDURAL DEFECT IN REMOVAL

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id*. "A defendant seeking to remove from state to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading." *Destfino v. Reiswig*, 630 F.3d 952, 954 (9th Cir. 2011) (citing 28 U.S.C. § 1446(b)).

Mr. Jones's second notice of removal is untimely, as it was filed more 30 days after his receipt of the initial complaint. *See Deutsche Bank Nat. Trust Co. v. Baltazar*, No. C 12-2281 PJH, 2012 WL 2159414, at *2 (N.D. Cal. June 13, 2012). While Mr. Jones does not state when he received the initial complaint in his second Notice of Removal, the Marin County Superior Court's

1 Register of Action shows that the state court ordered service of the complaint and summons by
2 posting and mailing on October 27, 2016, and Mr. Jones filed his demurrer on November 8, 2016.
3 *See* Register of Action for *RPR Larkspur Owner, LLC v. Jones*, Marin County Superior Court
4 Case No. CIV 1603823, available at
5 http://apps.marincounty.org/BeaconRoa/BeaconROAView.aspx?cvl_case_intrnl_no=195219 (last
6 accessed on April 19, 2017). Therefore, at the latest, Mr. Jones received the initial complaint at
7 the beginning of November 2016, and should have filed any notice of removal by the beginning of
8 December 2016. Mr. Jones did not do so until March 23, 2017. [Docket No. 1].

## III. FEDERAL QUESTION JURISDICTION

In addition to the procedural defect discussed above, Mr. Jones also has failed to establish federal subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002).

A federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830. The implication of a federal question through issues raised by an answer or counterclaim does not suffice to establish federal question jurisdiction. *Id.* at 831; *see also ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000) ("[A] case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." (citation and internal quotation marks omitted) (brackets in original)).

3

Here, Mr. Jones asserts that the basis for removal is federal question jurisdiction. (Notice of Removal ¶ 4). He argues that a federal question arises out of his response to Plaintiff's unlawful detainer complaint. Mr. Jones contends that he withheld rental payments because Plaintiff discriminated against him and his family on the basis of their physical disabilities in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(A) ("FHA"). (Notice of Removal ¶ 5). According to Mr. Jones, Plaintiff refused to make reasonable modifications to the property to allow Defendant and his family full enjoyment of the property such as ensuring the doors were sufficiently wide enough to permit passage of handicapped persons in wheelchairs; placing environmental controls such as light switches, electrical outlets, and thermostats in accessible locations; permitting reinforcements in bathrooms to allow for the later installation of grab bars; and providing usable kitchens and bathrooms such that a person in a wheelchair can maneuver in the space, in violation of the FHA. (Notice of Removal ¶ 6(A) through (D)).

The complaint filed in Marin County Superior Court, however, simply alleges a state cause of action under unlawful detainer. (Compl., I - X). "It is well established that unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction." *Deutsche Bank Nat'l Trust Co. v. Young*, No. C-14-3170 EMC, 2014 WL 7336696, at *3 (N.D. Cal. Dec. 23, 2014) (collecting cases). Whatever Mr. Jones intends to argue in response to the unlawful detainer does not give rise to removal jurisdiction. *See Holmes Group*, 535 U.S. at 831; *ARCO Envtl. Remediation, LLC*, 213 F.3d at 1113; *see also Deutsche Bank Nat'l Trust Co.*, 2014 WL 7336696, at *4 (rejecting defendants' arguments that federal question jurisdiction exists based on violations of federal law including the FHA because "[d]efendants' arguments are federal defenses, and federal defenses do not confer jurisdiction" and remanding action); *Deutsche Bank Nat'l Trust Co. v. Yanez*, No. ED-15-CV-02462-VAP-DTBx, 2016 WL 591752, at *1 (C.D. Cal. Feb. 11, 2016) (explaining that existence of a federal defense such as one based on the FHA was an "insufficient basis to invoke federal question jurisdiction under 28 U.S.C. § 1331, and consequently [could not] support removal" of the action) (citing *Caterpillar Inc.*, 482 U.S. at 393).

4

## IV. ATTORNEYS' FEES

Title 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." District courts have wide discretion in deciding to award fees. *Ervin v. Ballard Marine Constr., Inc.*, No. 16-CV-02931-WHO, 2016 WL 4239710, at *4 (N.D. Cal. Aug. 11, 2016) (quoting *Moore v. Permanente Med. Grp, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. In determining whether a removing party lacked an "objectively reasonable basis" for removal, this court is mindful that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). In *Lussier*, the Ninth Circuit explained that in determining whether removal was objectively unreasonable, a court should determine "whether the relevant case law clearly foreclosed the defendant's basis of removal," taking into account "clarity of the law at the time of removal." *Id.* at 1066.

In *Jones I*, the magistrate judge found that Mr. Jones's removal was "objectively unreasonable," but nevertheless declined to award attorneys' fees because Mr. Jones is indigent and unrepresented, there was no indication of a pattern of improper delay, and there was no indication that Plaintiff had incurred significant attorneys' fees as a result of the improper removal. *See* Report and Recommendation ("R&R") [Docket No. 6] at 3 in *Jones I*; Order on R&R in *Jones I*. However, the magistrate judge in *Jones I* "admonishe[d] [Mr.] Jones that further frivolous removals may result in sanctions." *See* R&R at 3 in *Jones I*.

Here, Mr. Jones's removal on the basis of an anticipated federal defense under the FHA is objectively unreasonable, for the reasons discussed herein. The court in *Jones I* already explained that a "federal defense is not a basis for removal." *See* R&R at 2 in *Jones I*. In *Jones I*, Mr. Jones asserted federal question jurisdiction existed on the basis of the Protecting Tenants at Foreclosure

Act ("PTFA"). *Id*. at 1-2. The court in *Jones I* remanded the case, explaining that "PTFA does not rise to a right of removal in lawful detainer actions because it provides at most a federal defense, and a federal defense is not a basis for removal." *See* R&R at 2 in *Jones I*.

Even so, the undersigned declines to recommend awarding attorneys' fees at this time. Mr. Jones remains indigent and unrepresented. Additionally, it does not appear that Plaintiff has spent any significant attorneys' fees as a result of Mr. Jones's second improper removal. The undersigned, however, warns Mr. Jones that should he attempt to remove this action for a third time, it may well be proper to award sanctions against him, and consider whether he should be deemed a vexatious litigant.

## V. CONCLUSION

For the reasons stated above, the undersigned issues a *sua sponte* order referring this case to Judge Seeborg for case-relation determination. If Judge Seeborg determines that the case is not related to *Jones I*, the Clerk is directed to reassign this case to a district judge. The undersigned also recommends that Mr. Jones's IFP application be granted and that this action be remanded to the Marin County Superior Court.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: April 19, 2017



Donna M. Ryu
United States Magistrate Judge